Mr. Oscar Stilley Attorney at Law Central Mall Plaza, Suite 516 5111 Rogers Avenue Fort Smith, AR 72903
Dear Mr. Stilley:
This is in response to your request, pursuant to A.C.A. § 7-9-107, for certification of the following proposed popular name and ballot title:
 (Popular Name) AN AMENDMENT REQUIRING VOTER APPROVAL OF NEW TAXES OR TAX INCREASES, REPEALING CERTAIN TAXES, AND ALLOWING EXEMPTION FROM CERTAIN INSURANCE PROGRAMS
 (Ballot Title) AN AMENDMENT TO THE ARKANSAS CONSTITUTION PROHIBITING THE IMPOSITION OR INCREASE OF A TAX OR EXACTION BY THE GENERAL ASSEMBLY ABSENT VOTER APPROVAL AT A REGULARLY SCHEDULED STATEWIDE ELECTION; AUTHORIZING THE LEGISLATURE TO REFER TAX INCREASES TO THE VOTERS UPON A MAJORITY VOTE; DEFINING AS A TAX INCREASE THE REDUCTION OR ELIMINATION OF EXEMPTIONS OR CREDITS, OR THE CHANGING OF ANY LAW OR RULE RESULTING IN THE COLLECTION OF ADDITIONAL REVENUE FROM TAXPAYERS; EXEMPTING FROM THIS SECTION EXACTIONS IMPOSED AGAINST CRIMINALS; AUTHORIZING THE LEGISLATURE, IN A BONA FIDE EMERGENCY, BY VOTE OF THREE-FOURTHS OF THE MEMBERS OF EACH HOUSE, TO INCREASE AN EXISTING EXACTION DURING THE EMERGENCY; AUTHORIZING THE REPEAL OF THE TRADE IN ALLOWANCE ON AIRCRAFT AND MOTOR VEHICLES BY A LEGISLATIVE MAJORITY PROVIDED THE REVENUE IS DEDICATED TO HIGHWAY OR AIRPORT CONSTRUCTION; REPEALING CURRENT SALES AND USE TAX ON USED MOTOR VEHICLES, TRAILERS, AIRCRAFT, MOBILE HOMES, AND OTHER USED GOODS; REPEALING SALES AND USE TAX LEVIED ON ARMORED CAR SERVICES, CREDIT OR COLLECTION SERVICES, CLEANING OR JANITORIAL SERVICES, PAGER OR ANSWERING MACHINE SERVICES, LAWN CARE OR LANDSCAPING SERVICES, VEHICLE PARKING OR STORAGE SERVICES, FUR STORAGE SERVICES, AND TANNING SERVICES; ALLOWING ANY PERSON TO CLAIM EXEMPTION FROM ANY GOVERNMENT SPONSORED OR MANDATED EMPLOYMENT RELATED INSURANCE OR QUASI-INSURANCE PROGRAM, SUCH AS WORKERS COMPENSATION OR UNEMPLOYMENT INSURANCE, BY RENOUNCING ANY CLAIM OF BENEFITS UNDER THE PROGRAM; REQUIRING APPROPRIATE PERSONS TO PAY AMOUNTS ORDINARILY PAID OR WITHHELD FOR PREMIUMS OR TAXES DIRECTLY TO THE PERSON CLAIMING EXEMPTION, OR TO OTHER AGREED UPON INSURANCE, SAVINGS, OR INVESTMENT PLANS; AUTHORIZING EMPLOYERS TO REQUIRE EMPLOYEES CLAIMING EXEMPTION TO CARRY ADEQUATE INSURANCE AND TO AGREE THAT IT SHALL BE THE EXCLUSIVE REMEDY; EXEMPTING GOVERNMENT ENTITIES FROM PAYING BENEFITS UNDER A PROGRAM WHEN EXEMPTION HAS BEEN CLAIMED, AND PROVIDING FOR THE RECOUPMENT OF BENEFITS PAID; REQUIRING THE AMENDMENT BE LIBERALLY CONSTRUED IN FAVOR OF THE TAXPAYER; DECLARING THE AMENDMENT'S PROVISIONS SEVERABLE; REPEALING ALL LAWS AND CONSTITUTIONAL PROVISIONS THAT CONFLICT WITH THE AMENDMENT; DECLARING THE AMENDMENT SELF EXECUTING AND EFFECTIVE IMMEDIATELY ON PASSAGE.
The Attorney General is required, pursuant to Section 7-9-107, to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, the entire petition may be rejected.
Section 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment or likelihood that it will accomplish its stated objective. Consequently, this review has been limited to determining whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to insure that the popular name and ballot title honestly, intelligently, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984). The popular name is primarily a useful legislative device. Pafford v. Hall, 217 Ark. 734,233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions which might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaneyv. Bryant, 259 Ark. 294, 532 S.W.2d 741 (1976); Moore v. Hall,229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining its sufficiency. Id.
A ballot title must include an impartial summary of the proposed amendment which will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994),citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990), Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988), Hoban v. Hall, supra, andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citingLeigh v. Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Applying the above precepts, it is my conclusion that the proposed popular name is sufficient. It is therefore hereby approved as submitted. The following substituted ballot title, which makes minor changes to the one submitted, is hereby certified in order to ensure that, when construed together, the popular name and ballot title accurately set forth the purpose of the measure:
 (Ballot Title) AN AMENDMENT TO THE ARKANSAS CONSTITUTION PROHIBITING THE IMPOSITION OR INCREASE OF A TAX OR EXACTION BY THE GENERAL ASSEMBLY ABSENT VOTER APPROVAL AT A REGULARLY SCHEDULED STATEWIDE ELECTION; AUTHORIZING THE LEGISLATURE TO REFER TAX INCREASES TO THE VOTERS UPON A MAJORITY VOTE; DEFINING AS A TAX INCREASE THE REDUCTION OR ELIMINATION OF EXEMPTIONS OR CREDITS, OR THE CHANGING OF ANY LAW OR RULE RESULTING IN THE COLLECTION OF ADDITIONAL REVENUE FROM TAXPAYERS; EXEMPTING FROM THIS SECTION EXACTIONS IMPOSED AGAINST CRIMINALS; AUTHORIZING THE LEGISLATURE, IN A BONA FIDE EMERGENCY, BY VOTE OF THREE-FOURTHS OF THE MEMBERS OF EACH HOUSE, TO INCREASE AN EXISTING EXACTION DURING THE EMERGENCY; AUTHORIZING THE REPEAL OF THE TRADE-IN ALLOWANCE ON AIRCRAFT AND AUTOMOBILES BY A LEGISLATIVE MAJORITY PROVIDED THE REVENUE IS DEDICATED TO CONSTRUCTION OR REPAIR OF AIRPORTS OR ROADS; REPEALING CURRENT SALES AND USE TAX ON USED MOTOR VEHICLES, TRAILERS, AIRCRAFT, MOBILE HOMES, AND OTHER USED GOODS; REPEALING SALES AND USE TAX LEVIED ON ARMORED CAR SERVICES, CREDIT OR COLLECTION SERVICES, CLEANING OR JANITORIAL SERVICES, PAGER OR ANSWERING MACHINE SERVICES, LAWN CARE OR LANDSCAPING SERVICES, VEHICLE PARKING OR STORAGE SERVICES, FUR STORAGE SERVICES, AND TANNING SERVICES; ALLOWING ANY PERSON TO CLAIM EXEMPTION FROM ANY GOVERNMENT SPONSORED OR MANDATED EMPLOYMENT RELATED INSURANCE OR QUASI-INSURANCE PROGRAM, SUCH AS WORKERS COMPENSATION OR UNEMPLOYMENT INSURANCE, BY RENOUNCING ANY CLAIM OF BENEFITS UNDER THE PROGRAM; REQUIRING APPROPRIATE PERSONS TO PAY AMOUNTS ORDINARILY PAID OR WITHHELD FOR PREMIUMS OR TAXES DIRECTLY TO THE PERSON CLAIMING EXEMPTION, OR TO OTHER AGREED UPON INSURANCE, SAVINGS, OR INVESTMENT PLANS; AUTHORIZING EMPLOYERS TO REQUIRE EMPLOYEES CLAIMING EXEMPTION TO CARRY ADEQUATE INSURANCE AND TO AGREE THAT IT SHALL BE THE EXCLUSIVE REMEDY; EXEMPTING GOVERNMENT ENTITIES FROM PAYING BENEFITS UNDER A PROGRAM WHEN EXEMPTION HAS BEEN CLAIMED, AND PROVIDING FOR THE RECOUPMENT OF BENEFITS PAID; REQUIRING THE AMENDMENT BE LIBERALLY CONSTRUED IN FAVOR OF THE TAXPAYER; DECLARING THE AMENDMENT'S PROVISIONS SEVERABLE; REPEALING ALL LAWS AND CONSTITUTIONAL PROVISIONS THAT CONFLICT WITH THE AMENDMENT; DECLARING THE AMENDMENT SELF EXECUTING AND EFFECTIVE IMMEDIATELY ON PASSAGE.
Pursuant to A.C.A. § 7-9-108 (1993 Repl.), instructions to canvassers and signers are enclosed herewith.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh